**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| VAN H. STEPEHENS | CIVIL ACTION |
| VERSUS | 15-521-SDD-RLB |
| JAMES C. CARTER, ANDY'S SUPER CO., VIN CORPORATION, SPIRIT COMMERCIAL AUTO RISK RETENTION GROUP and PROGRESSIVE CASUALTY INSURANCE COMPANY | |

**RULING**

This matter is before the Court on the *Motion to Dismiss Unserved Defendant*[1] filed by Defendants, James C. Carter, VIN Corporation, and Spirit Commercial Auto Risk Retention Group, on behalf of Andy's Super Co. ("ASC"). Plaintiff Van H. Stephens ("Plaintiff") has filed an *Opposition*,[2] to which Defendants filed a *Reply*.[3]  For the reasons which follow, the motion will be denied.

**I.     FACTUAL BACKGROUND[4]**

Plaintiff alleges that he sustained injuries as a result of an auto accident he had with James Carter ("Carter") on July 18, 2014.  Plaintiff further alleges that, at the time of the accident, Carter was acting within the course and scope of his employment, and/or on a mission, and/or on an errand for ASC, and/or VIN Corporation ("VIN") rendering ASC and VIN liable to the Plaintiff under the doctrine of *respondeat superior*.

---

[1] Rec. Doc. 30.
[2] Rec. Doc. 33.
[3] Rec. Doc. 35.
[4] The Court adopts the Factual Background from Rec. Docs. 1-3, 29-2.

36223

The instant motion before the Court is Defendants' *Motion to Dismiss Unserved Defendant, Andy's Super Co.* Defendants claim "that at the time of removal ASC was not served."[5] Defendants further aver that Rule 4 of the Federal Rules of Civil Procedure ("FRCP") requires the Court to dismiss ASC, as it remains unserved.[6]

Plaintiff, in turn, argues that, prior to the case being removed from the 18th Judicial Court ("JDC") for the State of Louisiana, he mailed "a certified copy of its [sic] filed Petition for Damages and a certified copy of the Citation from the 18th Judicial Court Clerk to ASC through its registered agent for services of process – Andy Birdwell at 7855 S. Madison Street, Suite E, Burr Ridge, IL, 60527."[7]

## II.    LAW AND ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure states: "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against the defendant or order that service by made within a specified time."[8] If the Court determines that ASC, a Defendant in the present case, was not properly served within 90 days after the complaint was filed in the 18th JDC, the Court may either dismiss with prejudice Plaintiff's claims against ASC or order that Plaintiff serve ASC within a specified time.

The sole issue before the Court in this motion is whether ASC was properly served. 29 U.S.C. § 1448 states:

> In all cases removed from any State court to any district court of the United States in which any one or more of the

---

[5] Rec. Doc. 30-1.
[6] The Court notes that ASC's attorney signed the *Notice of Removal* to the Middle District of Louisiana on behalf of ASC-a clear sign that ASC was both informed of, and participating in, the current litigation.
[7] Rec. Doc. 33.
[8] F.R.C.P. Rule 4(m) (2016).

36223

> defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in the cases originally filed in such district court.[9]

In order for the Court to resolve the question of sufficiency of process, it must "[look] to the state law governing process."[10] Accordingly, the Court must examine whether Plaintiff's service of process on ASC was in accordance with the Louisiana Civil Procedure Rules governing service of process.

Based upon the documents presented to the Court,[11] it is clear that ASC is a foreign corporation authorized to do business in the state of Louisiana.[12] It is undisputed by the Parties that the suit arose under Louisiana Revised Statute 13:3201.[13] The Parties do, however, dispute whether Plaintiff complied with Louisiana Revised Statute 13:3204 ("Louisiana Long Arm Statute"). The Louisiana Long Arm Statute states, in relevant part:

> In a suit under R.S. 13:3201, a certified copy of the citation…shall be sent by counsel for the plaintiff…to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction.
>
> If service of process cannot be made on the nonresident by registered or certified mail or by actual delivery, the court shall order that service of process by made on an attorney at law

---

[9] 28 U.S.C. § 1448 (2016).
[10] *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.1285, 1287 (11th Cir. 1985).
[11] As outlined by the Supreme Court in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), "Courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which the court may take judicial notice."
[12] Rec Docs. 33-2, 35.
[13] *Id.*

36223

>appointed to represent the defendant pursuant to Code of Civil Procedure Article 5091.[14]

In order to satisfy the plain language of the Louisiana Long Arm Statute, the Plaintiff must serve ASC either by registered or certified mail or commercial carrier. The documents in the record show that Plaintiff sent, via certified mail, an original and copies of the *Petition for Damages* as well as a certified copy of the *Citation* from the 18th JDC[15] - a clear attempt to comply with the Louisiana Long Arm Statute. ASC argues that Plaintiff did not satisfy the Louisiana Long Arm Statute because: ASC was not actually served process, there is a dispute as to ASC's address, and Plaintiff only served one of the addresses without any attempt to serve the second address.

The Louisiana First Circuit Court of Appeals in *McFarland v. Dippel* addressed the question of whether a party must actually be served in order to comply with the Louisiana Long Arm Statute. *McFarland* arose from the sale of a home by a South Carolina resident, McFarland, to Dippel, a Louisiana resident.[16] Shortly after the sale, Dippel's attorney "wrote McFarland a letter asserting a warranty claim for defects in the home."[17] Within the same month of the letter being sent, McFarland's wife, who was also an attorney, wrote back to Dippel on behalf of her husband, denying the claims made in Dippel's letter.[18] Dippel filed suit in the 20th Louisiana JDC.[19] Neither party disputed that McFarland was served via certified mail at his correct residential address in South

---

[14] La. R.S. 13:3204 (2016).
[15] Rec. Doc. 33, 33-4.
[16] *McFarland v. Dippel*, 99-0584 (La.App. 1 Cir. 3/31/00).756 So.2d 618, 620.
[17] *Id.*
[18] *Id.*
[19] *Id.*

36223

Carolina.[20] However, "McFarland did not claim the certified mailing, which was returned to Dippel's attorney," and "the envelope that contained the citation and petition bears the notation "UN" on it, underneath which the dates 10/28, 11/4, and 11/12 are listed."[21] Following a motion for a default judgment against McFarland due to the unanswered mailing of the citation and petition, the 20th JDC awarded a default judgment to Dippel.[22] Subsequent to the default judgment in favor of Dippel, McFarland filed a petition seeking to nullify the default judgment based on the legal ground that he was not properly served pursuant to the Louisiana Long Arm Statute, and the court therefore lacked personal jurisdiction over him.[23]

Reviewing the Louisiana Long Arm Statute, the *McFarland* court held:

> Under the clear wording of [the Louisiana Long Arm Statute] all that is necessary to constitute service upon a non-resident under the long-arm statute is that counsel for the plaintiff send a certified copy of the citation and of the petition in the suit to the defendant by registered or certified mail, or actually deliver it in person. There is no requirement under [the Louisiana Long Arm Statute] for a signed return receipt.[24]

Applying the holding of *McFarland* to the present case, all the Plaintiff is required to do to satisfy the Louisiana Long Arm Statute is send a certified copy of the citation and petition from the 18th JDC by registered or certified mail, or deliver in person the citation and petition to ASC – there is no requirement that Plaintiff actually physically serve ASC.

---

[20] *Id.*
[21] *Id.*
[22] *McFarland*, 706 So.2d at 620.
[23] *Id.*
[24] *Id.* at 622.
36223

Based upon the documents provided to the Court, Plaintiff complied with the requirements of the Louisiana Long Arm Statute as interpreted by the court in *McFarland*.[25]

ASC attempts to distinguish its case from *McFarland* by arguing that, unlike the defendant in *McFarland*, ASC was not attempting to evade process.[26] The court in *McFarland* stated: "where the facts demonstrate a litigant chose to ignore notice of a certified letter, and refused to claim the letter at the post office, that conduct is tantamount to a refusal of service and cannot defeat otherwise valid service."[27] ASC interprets this quotation as support for its contention that, unless a defendant is actively evading service of process, the Court must find that the requirements of the Louisiana Long Arm Statute were not satisfied. This argument is unsupported by the plain language of the Louisiana Long Arm Statute and the clear holding of *McFarland* – "All that is necessary to constitute service upon a non-resident under the long-arm statute is that counsel for the plaintiff send a certified copy of the citation and of the petition in the suit to the defendant by registered or certified mail, or actually deliver it in person."[28]

ASC's remaining argument is that it was not properly served because Plaintiff knew of a second business address for ASC as evidenced by the accident report and other documents.[29] According to ASC, "it is likely plaintiff issued his initial service in Burr Ridge, IL to an incorrect address thus depriving ASC of notice of this matter."[30] ASC offers no jurisprudential support for this contention. The Court applies the thorough and well-

---

[25] Rec. Docs. 33, 33-3, 33-4.
[26] Rec. Doc. 35.
[27] *McFarland*, 756 So.2d at 622.
[28] *Id*.
[29] Rec. Docs. 35, 35-1, 35-2.
[30] Rec. Doc. 35.

36223

reasoned analysis in *Grace v. Myers* for guidance as to ASC's argument regarding whether service was proper due to an alleged mistake with the correct address.[31]

In *Grace*, the non-resident upon whom service was attempted submitted proof that he did not live at the address where service was attempted and had, in fact, been living in a different state from that in which service was attempted.[32] In examining these facts, the *Grace* court stated,

> It is clear that Plaintiff did not properly serve [Defendant] pursuant to [the Louisiana Long Arm Statute] as [Defendant] did not live at his former address…at the time service was attempted. The record indicates that Plaintiff directed service to an address obtained at the time of the accident and made no additional efforts to determine [Defendant's] address at the time service was attempted.[33]

Based on these facts, the court in *Grace* held that the plaintiff had not served the defendant in accordance with the Louisiana Long Arm Statute. The facts in *Grace* and the present case, however, are distinguishable. While ASC had a different address listed on the accident report and in the statement of insurance coverage, the address that Plaintiff served was the address listed with the Illinois Secretary of State for the registered agent for service of process for 2015.[34] Unlike in *Grace*, the Plaintiff properly relied on the records of the Illinois Secretary of State, which clearly indicate that the address for both the Agent and the address for the President was Burr Ridge, Illinois.[35] ASC's argument presents a legal conundrum which would obligate the Plaintiff to serve an address other than the current valid address for the registered agent for the service of process as

---

[31] *Grace v. Myers*, 15-cv-00300, 2015 WL 4939893, *1 (M.D. La. Aug. 18, 2015).
[32] *Id.* at *4.
[33] *Id.* at *5.
[34] Rec. Docs. 33-3, 35-1, 35-2.
[35] Rec. Doc. 33-3.

36223

evidenced by the records for the Illinois Secretary of State – the very purpose for a registered agent for the service of process is to ensure that a business has one individual upon whom process can be served so that such confusions can be avoided.[36]

Because the Court finds that ASC's argument regarding multiple addresses is unsupported by relevant jurisprudence, the Court finds that Plaintiff's mailing to the Burr Ridge address in accordance with the accurate records of the Illinois Secretary of State fulfills the requirements of the Louisiana Long Arm Statute.

In Plaintiff's *Memorandum in Opposition*, he requests that service be deemed sufficient or, alternatively, that he be granted additional time to perfect service on ASC.[37] Given the Court's finding that Plaintiff complied with the Louisiana Long Arm Statute, the Court deems that Plaintiff's service on ASC was sufficient.[38]

### III.   CONCLUSION

For the foregoing reasons, Defendant's *Motion to Dismiss*[39] is DENIED. Having denied Defendant's *Motion to Dismiss* and, for the above stated reasons, the Court finds that service on ASC was proper under the Louisiana Long Arm Statute.

Signed in Baton Rouge, Louisiana on <u>December 5, 2016</u>.

*[signature: Shelly D. Dick]*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[36] *Id.*
[37] Rec. Doc. 33.
[38] Accordingly, the Court need not entertain Plaintiff's and ASC's argument regarding service of ASC counsel to fulfill the Louisiana Long Arm Statute.
[39] Rec. Doc. 30.

36223