**UNITED STATES DISTCIT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

VAN H. STEPHENS                                       CIVIL ACTION NO.

VERSUS                                                       15-CV-521-SDD-RLB

JAMES C. CARTER, ANDY'S SUPER
CO., VIN CORPORATIN, SIPIRIT
COMMERICAL AUTO RISK
RETENTION GROUP and
PROGRESSIVE CASUALTY
INSURANCE COMPANY

## RULING

This matter is before the Court on the *Motion for Partial Summary Judgment*[1] filed by Defendants, James C. Carter, VIN Corporation, and Spirit Commercial Auto Risk Retention Group, Inc. ("Defendants"). Plaintiff Van H. Stephens ("Plaintiff") has filed an *Opposition*[2] to which the Defendants have filed a *Reply*.[3] For the following reasons, the Court finds that Plaintiff has supported his loss of earning capacity claim for past lost wages but not his claim for loss of future earning capacity, and summary judgment is granted in part and denied in part.

### I.    FACTUAL BACKGROUND[4]

On July 18, 2014, Plaintiff was driving on Interstate 10 ("I-10") in Iberville Parish, Louisiana when he was rear-ended, along with 5 other cars, by an 18 wheeler driven by Defendant James Carter ("Carter"). Plaintiff was the first car impacted by the 18 wheeler driven by Carter, who was allegedly driving at an estimated speed of 55 miles per hour.

---

[1] Rec. Doc. 29.
[2] Rec. Doc. 32.
[3] Rec. Doc. 34.
[4] The Court basis the factual background on Rec Docs. 1-3, 29-1 and 33.
Document Number: 36452

The 18 wheeler driven by Carter is believed to be owned by Defendant VIN Corporation ("VIN"), "for or under dispatch from a company believed to be Defendant Andy's Super Co. ("ASC") and insured by Defendant Spirit Commercial Auto Risk Retention Group and/or Progressive Casualty Insurance Company."[5]

Plaintiff filed this lawsuit alleging:

> past physical pain and suffering, future physical pain and suffering, past mental pain and suffering, future mental pain and suffering, present, and future medical expenses, loss of past earnings, loss of future earning capacity, permanent disability of the body, past and future loss of enjoyment of life, together with legal interest thereon from date of judicial demand, until paid in full, and for all costs of these proceedings.[6]

As a result of this collision, Plaintiff alleges that he has suffered injuries, including past, present, and future loss of income and loss of earning capacity. Defendants argue that Plaintiff's only proof as to the lost wage claim is "his self-serving representations."[7] Defendants further allege that Plaintiff offered no evidence to support his loss of earning capacity claim.[8]  Plaintiff counters that Louisiana law supports his claim based upon the evidence he has provided.[9]

## II.    LAW AND ANALYSIS

### A.  Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

---

[5] Rec. Doc. 33.
[6] Rec. Doc. 1-3.
[7] Rec. Doc. 29-1.
[8] *See Id.*
[9] Rec. Doc. 32.
Document Number: 36452

of law."[10]  "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[11]  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[12]  If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[13]  However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[14]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[15]  All reasonable factual inferences are drawn in favor of the nonmoving party.[16]  However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[17]  "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his

[10] Fed. R. Civ. P. 56(a).

[11] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).

[12] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).

[13] *Rivera v. Houston Independent School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

[14] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[15] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

[16] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

[17] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

Document Number: 36452

allegations … to get to a jury without any "significant probative evidence tending to support the complaint.""[18]

### B. Lost Wages Standard

This case is pending here based on diversity jurisdiction.  The Court applies Louisiana state substantive law.  The Louisiana Supreme Court in *Jordan v. Travelers Insurance Company* held, "a claim for loss of earnings need not be proven with mathematical certainty, but only by such proof as reasonably establishes the claim.  This may even consist only of the plaintiff's own reasonable testimony, if accepted as truthful; although of course the better practice is to introduce corroborating testimony."[19]  The Louisiana Supreme Court has consistently applied this standard to claims for lost wages, most recently in *Driscoll v. Stucker*, where again the Court stated: "For purposes of determining damages, the amount of lost earnings need not be proved with mathematical certainty, but by such proof as reasonably establishes the claim, and such proof may consist of only the plaintiff's own testimony."[20]  Therefore, Plaintiff may establish his lost wages claim by proof that reasonably establishes his claim, which may consist of his own testimony.

Plaintiff not only satisfies the minimum standard for establishing a lost wages claim under Louisiana Supreme Court jurisprudence, but he has also met the best practices standard by providing corroborating evidence to his testimony.  Plaintiff has testified that he was claiming wages for the one week he took off from work following the accident.[21]

---

[18] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[19] 245 So.2d 151, 154-55 (La. 1971).
[20] 2004-0589 (La. 1/19/05); 893 So.2d 32, 53 (citations omitted).
[21] Rec. Doc. 29-3.
Document Number: 36452

As a result of taking a week off of work, Plaintiff calculated that he lost wages in the amount of $1,800.71.[22]   Plaintiff arrived at this figure by calculating his bi-weekly rate of pay, $3761.42,[23] and deducting half, to reach the amount of $1,800.71.   Plaintiff's calculations are corroborated by documentation from his employer.[24]

Defendants argue that Plaintiff's "only proof is his self-serving representations wherein he testified that he lost wages for one missed week of work post-accident to the tune of $1,880.71."[25]  The jurisprudence cited by Defendants in support of this argument is either not binding on the Court or factually distinguishable.[26]   Moreover, the Plaintiff meets the required standard: "Courts have long held that awards for earnings are susceptible of mathematical calculation from proof offered at trial and require such proof as reasonably establishes the claim.  This may consist of the plaintiff's own testimony,"[27] Plaintiff provided mathematical calculations regarding his lost wages based upon documentation generated by his employer.  In *Miller v. Mahfouz*, another case cited by Defendants, the Louisiana First Circuit Court of Appeal found that a plaintiff had not supported her lost wages claim: "as the only support for plaintiff's claim for lost wages [was] her own self-serving testimony, without corroboration by any other source, this alone cannot serve as the basis for such an award."[28]   Plaintiff in the present case corroborated his testimony and calculations for lost wages with documentation from his

---

[22] Rec Docs. 29-3 and 32-3.
[23] Rec. Doc. 32-3.
[24] *Id.*
[25] Rec. Doc. 29-1.
[26] *Id.*
[27] *Id.* (internal quotations omitted).  *See Bennet v. Stribling*, 96-1012 (La. App. 1st Cir. 3/27/1997); 694 So.2d 991, 993.
[28] 89-0718 (La. App. 1st. Cir. 7/26/1990); 563 So.2d 1223, 1226.
Document Number: 36452

employer.[29]  The plaintiff in *Miller* provided "employment records revealing the amount of leave taken by plaintiff for a three-year period."[30]  Most importantly, the First Circuit in *Miller* was not reviewing the trial court's granting of a summary judgment – the First Circuit was reviewing whether the finder of fact at trial had sufficient evidence to award lost wages.[31]  Because the plaintiff in *Miller* provided different documentation for her lost wages claim, and the court in *Miller* reviewed the findings of fact at trial, not on a motion for summary judgment, the rationale for *Miller* does not apply to the present case.

Accordingly, the Court finds that Plaintiff has presented sufficient evidence to defeat Defendant's *Motion for Partial Summary Judgment*.

### C.  Loss of Future Earning Capacity Standard

The Louisiana First Circuit Court of Appeal held in *Levy v. Bayou Industrial Maintenance Services, Inc.*, "an award of loss of future income is not based upon the difference between the plaintiff's earnings before and after a disabling injury.  Rather, the award is predicated upon the difference between a plaintiff's earning capacity before and after a disabling injury."[32]  A plaintiff claiming loss of future earning capacity must "prove [loss of future earning capacity] by a preponderance of the evidence."[33]  These awards are "intrinsically insusceptible of mathematical exactitude;"[34] however, loss of future earning capacity "cannot be based purely on speculation, conjecture, and probabilities."[35]  Here, Plaintiff's sole support for this claim is his own testimony that he would have

---

[29] Rec. Doc. 32-3.
[30] *Miller*, 563 So.2d 1223, 1226.
[31] *Id.*
[32] 03-0037 (La. App. 1 Cir. 9/26/03); 855 So.2d 968, 973.
[33] *Id.*
[34] *Id.*
[35] *Id.*

Document Number: 36452

"worked another 3-5 years before retiring."[36]   While there is no requirement under Louisiana law that a plaintiff supply an economic expert for their loss of future earning capacity,[37] Plaintiff's speculation alone as to how much longer he would have worked, multiplied by his average yearly income, is insuffcent to survive a motion for summary judgment challenge.

Additionally, Plaintiff has a causation issue relating to his loss of future earning capacity.   Plaintiff's physicians did not place any physical restrictions on Plaintiff's mobility: "[The Physicians] just advised against [any truck driving or heavy lifting], but no written restrictions."[38]   Plaintiff counters that his medical record shows that he did not have any back issues prior to the accident; however, following the accident, he "suffered a herniated disc that caused him severe pain and limited his work activities."[39]   Without any written limitations from a physician, Plaintiff's testimony as to what his limitations are, and that they form the basis for his taking an early retirement, is insufficient as a matter of law to defeat Defendants' summary judgment challenge.

### III.    CONCLUSION

For the reasons set forth above, Defendants' *Motion for Partial Summary*

---

[36] Rec. Doc. 32.
[37] *See LeBlanc v. Steptore*, 98-00808 (La. App. 3 Cir. 12/09/98); 723 So.2d 1056, 1065.
[38] *Id.*
[39] Rec. Doc. 32.
Document Number: 36452

*Judgment*[40] is GRANTED IN PART AND DENIED IN PART.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on January 4, 2017.

_____
**SHELLY D. DICK, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[40] Rec. Doc. 29.
Document Number: 36452